FILED by RB D.C.
ELECTRONIC

FEB. 22, 2008

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**KENNETH P. RANDALL and CHERYL M. RANDALL, his wife,**

**Plaintiffs,**

**vs.**

**DAVOL, INC. and C.R. BARD, INC.,**

**Defendants.**

**08-80179-CIV-MARRA/JOHNSON**

**Case No.:** ___________

**[DEMAND FOR JURY TRIAL]**

## COMPLAINT

Plaintiffs, KENNETH P. RANDALL and CHERYL M. RANDALL, sue Defendants, DAVOL, INC. and C.R. BARD, INC., and allege as follows:

## JURISDICTION AND VENUE

1. This is an action for damage in excess of seventy-five thousand ($75,000) dollars exclusive of interest and costs.

2. This Court has jurisdiction under 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy meets or exceeds the statutory minimum.

3. Venue is proper in this District, as Plaintiffs are citizens of Florida and currently reside in West Palm Beach, Palm Beach County, Florida.

4. Plaintiff, KENNETH P. RANDALL, claims damages as a result of strict product liability and negligence and Plaintiff, CHERYL M. RANDALL, claims damages as a result of a loss of consortium to the extent allowed by law stemming from the implantation of a defective Composix Kugel Hernia Mesh Patch into Kenneth Randall's body. As such this

action is a tag-along to the *In Re Kugel Mesh Hernia Patch Products Liability Litigation*, MDL No. 1842, currently pending before the Honorable Mary M. Lisi, United States District Court Judge, in the United States District Court for the District of Rhode Island (Providence). Transfer of the instant action to that jurisdiction for pre-trial MDL coordination at this time is proper.

**PARTIES**

5. Plaintiffs, KENNETH P. RANDALL and CHERYL M. RANDALL are individual citizens and residents of the State of Florida who currently reside in West Palm Beach, Palm Beach County, Florida.

6. Defendant DAVOL, INC. (hereafter "DAVOL"), a subsidiary of Defendant, C. R. BARD, INC, is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Cranston, Rhode Island at 100 Sockanosset Crossroads, Post Office Box 8500, Cranston, Rhode Island, 02920. At all times material hereto, Defendant DAVOL conducted business within the State of Florida and manufactured, tested, analyzed, distributed, labeled, sold, supplied, marketed and/or promoted hernia surgical repair products to distributors, medical practitioners and medical facilities within the State of Florida.

7. Defendant C.R. BARD (hereafter "BARD") is a corporation duly organized and existing under the law of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey, 07974. At all times material hereto, BARD conducted business within the State of Florida and is in the business of manufacturing, testing, analyzing, distributing, labeling, selling, supplying, marketing and/or promoting

hernia surgical repair products to distributors, medical practitioners and medical facilities within the State of Florida. Additionally, BARD manufactures and supplies DAVOL with material that forms part of the Composix Kugel Hernia Mesh Patch.

8. DAVOL is a subsidiary of BARD and, as a result, BARD is legally and factually responsible for all obligations, debts and liabilities of DAVOL. BARD is the successor in interest (and therefore the real party in interest) to DAVOL. The term "BARD," when used herein, refers to BARD and DAVOL.

## FACTUAL BACKGROUND

9. Composix Kugel Hernia Mesh Patches were implanted in patients during ventral (or abdominal) hernia repair surgeries. A hernia occurs in the body when tissue, a structure or an organ protrudes through the muscle or membrane by which that particular tissue, structure or organ is contained.

10. Composix Kugel Hernia Mesh Patches were invented and developed by Dr. Robert to repair abdominal hernias. The mesh patch is constructed of polyprolene mesh and includes a hard "memory recoil ring" surrounding the mesh. During a surgical procedure, the hernia mesh patch is folded and inserted through a small incision into the area behind the hernia defect; the memory recoil ring then is intended to allow the mesh to spread out or re-expand once deployed inside the abdominal area.

11. In or around 1996, Surgical Sense, Inc. began manufacturing the Kugel line of mesh products. BARD acquired the Kugel line of hernia repair mesh products in January of 2000, and, in 2001, introduced its new line of Composix Kugel Hernia Mesh Patch products through DAVOL.

12. The 510K Application to the Food & Drug Administration (hereafter "FDA") for approval of the Composix Kugel Hernia Mesh Patches was submitted by Defendants on January 22, 2001. The FDA subsequently approved the 510K application and authorized the Composix Kugel Hernia Mesh Patches as Class II medical devices.

13. Composix Kugel Hernia Mesh Patches were manufactured and sold by Defendants between January 2001 and March of 2006.

14. Because of design and manufacturing defects in the Composix Kugel Hernia Mesh Patches, the memory recoil rings can break while inside of the intra-abdominal space resulting in serious injuries, including, but not limited to, the following: intestinal perforations, ring migration through the abdominal wall, abscess formation, bowel obstruction, sepsis, and chronic intestinal fistulae (the formation of abnormal connections or passageways between the intestines and other organs).

15. Almost immediately after the Composix Kugel Hernia Mesh Patches were placed on the market in 2001, Defendants began receiving notifications and knowledge of failures of the memory recoil ring and defects in the Composix Kugel Hernia Mesh Patches. Defendants actively and intentionally concealed their knowledge of the defective and dangerous conditions associated with the Composix Kugel Hernia Mesh Patches from Plaintiff, Plaintiff's physicians, the medical community, and the general public for many months while continuing to manufacture, market, and sell the defective hernia mesh products.

16. Due to the number of injuries resulting from the Composix Kugel Hernia Mesh Patches, the FDA first announced a Class I recall regarding certain sizes of Composix

Kugel Hernia products on December 22, 2005. Since then, the recall has been expanded with additional recall notices issued on March 24, 2006, and January 10, 2007, that extended to additional sizes of the mesh products and broader dates of manufacture. MDL 1842 has also expanded to include cases alleging defects in additional sizes and styles of Composix Kugel Hernia Mesh Patches not included in these recalls.

17. Further, the FDA has conducted investigations into Defendants' actions and has concluded, among other things, that Defendants:

a. Excluded ring failure events which should have been included in their complications database, reports, and recall notices;

b. Misidentified numerous events and reports relating to complications and defects in Composix Kugel Hernia Mesh Patches;

c. Failed to apply its product quality hold and release procedure on a timely basis;

d. Failed to properly follow procedures for conducting design validation review;

e. Failed to identify all actions necessary to correct and prevent the recurrence of further memory recoil ring breakage and other complications associated with the use of the Composix Kugel Hernia Mesh Patches, including, but not limited to, an unsubstantiated recall of only a portion of the defective devices in December of 2005;

f. Failed to provide full information regarding numerous complaints relating to Composix Kugel Hernia Mesh Patches;

g. Failed to actually perform strength testing on memory recoil rings for all sizes of Composix Kugel Mesh Patches before placing them into the stream of commerce; and

h. Failed to maintain appropriate sources for quality data to identify, track, and trend existing and potential causes for the memory recoil ring failures and complaints relating to Composix Kugel Hernia Mesh Patches, resulting in numerous inconsistencies and errors in the raw data and the information entered into Defendants' electronic databases.

18. At all times relevant and material to the claims asserted in this civil action, Defendants directly or indirectly made, designed, created, manufactured, assembled, inspected, tested, sterilized, labeled, packaged, distributed, marketed, advertised, promoted, supplied, and/or sold Composix Kugel Hernia Mesh Patches for implantation in the human body during incisional ventral hernia repair surgery.

19. Defendants' Composix Kugel Hernia Mesh Patches were intended for purchase and use by consuming members of the general public, and as a result of the Defendants' activities and pursuits, more specifically set forth elsewhere herein, such Composix Kugel Hernia Mesh Patches were sold or otherwise ultimately delivered for use to members of the general public as consumers.

20. Defendants had control over the design, manufacturing, assembly, inspection, testing, sterilization, labeling, packaging, distribution, marketing, advertising, promotion, warnings, supply and/or sale of the Composix Kugel Hernia Mesh Patches.

21. The Composix Kugel Mesh Patches pose substantial and unreasonable risks of danger and injury in the following respects:

a. The Composix Kugel Hernia Mesh Patch memory recoil ring is likely to malfunction during or after implantation;

b. The Composix Kugel Hernia Mesh Patch was not manufactured properly;

c. The Composix Kugel Hernia Mesh Patch had a defective design;

d. The Composix Kugel Hernia Mesh Patch was not safe; and

e. The Composix Kugel Hernia Mesh Patch did not adequately or sufficiently maintain its integrity during normal use after implantation in the consumer/patient.

22. Defendants' Composix Kugel Hernia Mesh Patches are uniformly defective because they possess the same potential for breakage or malfunction of the memory recoil ring which can lead to serious injury and death.

23. Despite Defendants' knowledge that the memory recoil rings had failed due to the above-described defects, Defendants did not timely apprise the public and physicians of the defect in their Composix Kugel Hernia Mesh Patches.

24. Although Defendants knew or should have known that dangerous risks were associated with the Composix Kugel Hernia Mesh Patches as manufactured, Defendants proceeded to or permitted the patches to be advertised, promoted, and/or sold without adequate warnings of the dangerous risks and defects present in the products.

25. On or about March 30, 2004, Plaintiff, KENNETH P. RANDALL, had hernia repair surgery performed by Plaintiff's treating physician, Jack B. Thigpen, Jr., M.D., and during such surgery, a Composix Kugel Hernia Patch, which included the memory recoil ring, was surgically implanted in Plaintiff's body.

26. Since Plaintiff's initial hernia repair surgery, Plaintiff has had to undergo multiple surgeries and procedures for repair of an incarcerated incisional hernia, small bowel obstruction, numerous infectious wound debridements, and antibiotic treatments.

27. As a direct and legal result of the defective condition of Defendants' Composix Kugel Hernia Mesh Patch implanted into Plaintiff's body, Plaintiff has suffered and continues to suffer from serious injuries, including, but not limited to, pain and suffering, physical injuries, disability, significant disfigurement, embarrassment, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care

treatment, loss of earnings, loss of the ability to earn money in the future, and a shortened life span.

28. When Defendants' Composix Kugel Hernia Mesh Patch was surgically implanted into Plaintiff, it was used in the manner and for the purpose for which it was intended, and it was in the same condition as it had been when it left Defendants' possession.

29. At all times material hereto, Defendants either knew or should have known that the Composix Kugel Hernia Mesh Patch implanted into Plaintiff was defective in that it contained a memory recoil ring that was prone to break or fail after surgery.

30. At all times relevant hereto, Defendants knew or should have known, and profited from the fact, that the Composix Kugel Hernia Mesh Patch as manufactured was dangerous and not suited for implantation into Plaintiff's body.

31. Plaintiff's injuries relating to Defendants' Composix Kugel Hernia Mesh Patch are likely to continue into the future and to require significant additional medical treatment, further surgeries, hospitalizations and medical treatment, and Plaintiff will likely incur additional medical expenses and economic losses in the future.

## COUNT I - STRICT LIABILITY

Plaintiff, KENNETH P. RANDALL, adopts by reference all of the General Allegations contained in Paragraphs 1 through 31 above, each inclusive, as though fully set forth herein.

32. The Composix Kugel Hernia Mesh Patch was expected to and did reach Plaintiff without a substantial change in its condition from the time of its manufacture.

33. Plaintiff used the Composix Kugel Hernia Mesh Patch for its intended purpose and the Composix Kugel Hernia Mesh Patch was not materially altered or modified prior to its use.

34. The Composix Kugel Hernia Mesh Patch manufactured and marketed by Defendants was defective and unreasonably dangerous when it left the possession of the respective Defendants in that:

a. When placed in the stream of commerce, the Composix Kugel Hernia Mesh Patch contained unreasonably dangerous design defects in its manufacture and it failed to perform as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Defendants;

b. The Composix Kugel Hernia Mesh Patch contained a lack of or inadequate warnings to alert Plaintiff, Plaintiff's physician(s) and others of severe and life threatening complications and risks including breakage and migration of the memory recoil ring, pain, infections and the need for subsequent surgeries;

c. The Composix Kugel Hernia Mesh Patch was insufficiently tested and/or inspected; and

d. There were insufficient post-marketing warnings to alert Plaintiff, Plaintiff's physician(s), and others of severe and life threatening complications and risks after Defendants knew or should have known of the significant risks associated with the Composix Kugel Hernia Mesh patch. Defendants failed to provide adequate warnings to Plaintiff and his or her physician(s) and others and continued to promote the sale and use of the Composix Kugel Hernia Mesh patch.

35. Defendants, as manufacturers of the hernia mesh patch, are held to the level of knowledge of an expert in the field.

36. Plaintiff, KENNETH P. RANDALL's, physician(s) did not have substantially the same knowledge as Defendants or the knowledge that would have been gleaned from an adequate warning from the manufacturer.

37. Defendant had a continuing duty to warn the Plaintiff, Plaintiffs physician(s), and others of the dangerous risks associated with the Composix Kugel Hernia Mesh Patches.

38. Plaintiff and Plaintiffs physician(s) did not and could not have known at the time of the surgery, or any time prior, of the existence of the defective and unreasonably dangerous condition of the product.

39. By virtue of placing the unreasonably dangerous and defective Composix Kugel Hernia Mesh Patches into the stream of commerce, Defendants are strictly liable for the injuries sustained by Plaintiff.

40. As a direct and proximate result of the defective condition of the Composix Kugel Hernia Mesh Patch, Plaintiff has sustained serious and permanent injuries, including, but not limited to, physical injuries, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, aggravation of a previously existing condition, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. These losses are either permanent or continuing.

WHEREFORE, Plaintiff, KENNETH P. RANDALL, demands judgment against Defendants for damages, as well as costs of this action, and a trial by jury of all issues to be tried.

## COUNT II - NEGLIGENCE

Plaintiff, KENNETH P. RANDALL, adopts by reference all of the General Allegations contained in Paragraphs 1 through 31 above, each inclusive, as though fully set forth herein.

41. At all times material hereto, Defendants had a duty to Plaintiff to exercise reasonable care in the design, manufacture, testing, inspection, sterilization, processing, advertising, marketing, testing, labeling, assembling, packaging, distribution, warning, promotion and sale of the Composix Kugel Hernia Mesh Patches.

42. At all times material, Defendants knew, or in the exercise of reasonable care, should have known, that the Composix Kugel Hernia Mesh Patches were not properly manufactured, compounded, assembled, inspected, packaged, distributed, tested, analyzed, examined, or prepared, and were sold without sufficient warnings or instructions such that the patches were likely to injure its users, such as Plaintiff.

43. Defendants were negligent in their actions, misrepresentations, and omissions toward Plaintiff and Plaintiff's physician(s) in the following ways:

a. Failed to include adequate warnings with the Composix Kugel Hernia Mesh Patches that would alert consumers and physicians to the potential risks;

b. Negligently and carelessly manufactured, compounded, assembled, packaged, labeled, distributed, negligently and carelessly analyzed or failed to analyze, negligently and carelessly examined or failed to examine, failed to warn or inadequately warned, inadequately instructed or failed to instruct, negligently and carelessly prepared, and sold the Composix Kugel Hernia Patches such that the patches were dangerous, unsafe and not reasonably fit for the uses and purposes for which the patches were intended; and

c. Failed to conduct sufficient testing and/or inspection of the Composix Kugel Hernia Mesh Patches, which, if properly performed, would have revealed or led to the detection of defects in the products, such as the memory recoil ring, that broke and caused injury to Plaintiff herein.

44. Defendants knew or should have known that the Composix Kugel Hernia Mesh Patches subjected Plaintiff, KENNETH P. RANDALL, to unreasonably dangerous

risks of which the Plaintiff and his treating physicians would not be aware. Defendants nevertheless advertised, marketed, sold and distributed the Composix Kugel Hernia Mesh Patches knowing that there were safer methods and products available for hernia repair surgery.

45. As a direct and legal result of the negligence of Defendants, Plaintiff has sustained serious and permanent injuries including, but not limited to, physical injuries, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for hospitalization, medical and nursing care and treatment, aggravation of a previously existing injury, loss of earnings, and loss of the ability to earn money in the future. These losses are either permanent or continuing.

WHEREFORE, Plaintiff, KENNETH P. RANDALL, demands judgment against Defendants for damages, as well as costs of this action and a trial by jury of all issues to be tried.

**COUNT III - LOSS OF CONSORTIUM**
**AS TO PLAINTIFF, CHERYL M. RANDALL**

Plaintiff, CHERYL M. RANDALL, adopts by reference all of the General Allegations contained in Paragraphs 1 through 31 above, each inclusive, as though fully set forth herein.

46. Plaintiff, CHERYL M. RANDALL, was at all times relevant herein the lawful wife of Plaintiff, KENNETH P. RANDALL, and as such, lives with him.

47. By reason of the foregoing, Plaintiff, CHERYL M. RANDALL, has necessarily paid and become liable to pay for expenses relating to his medical and nursing

care treatment, and will necessarily incur further expenses of a similar nature in the future. These expenses are either permanent or continuing.

48. By reason of the foregoing, Plaintiff, CHERYL M. RANDALL, has been caused, presently and in the future, the loss of her husband's comfort, companionship, assistance, services, society and consortium, and, as a result, has been caused great mental anguish.

WHEREFORE, Plaintiff, CHERYL M. RANDALL, demands judgment against Defendants for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

**JURY TRIAL DEMANDED ON ALL ISSUES**

Dated this the 21st day of February, 2008.

ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P. O. Box 3127
Tampa, Florida 33601-3127
(813) 222-0977 Tele./ (813) 224-0373 Fax
Attorneys for Plaintiff

By: ______________________
BRENDA S. FULMER, Esq.
Fla. Bar No. 0999891
E-Mail: *bfulmer@tampatriallawyers.com*
JAMES D. CLARK, Esq.
Fla. Bar No. 191311
E-mail: *jclark@tampatriallawyers.com*
DON G. GREIWE, Esq.
Fla. Bar No. 218911
E-mail: *dgreiwe@tampatriallawyers.com*
C. TODD ALLEY, Esq.
Fla. Bar No. 321788
E-Mail: *talley@tampatriallawyers.com*

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Kenneth P. Randall and Cheryl M. Randall

**DEFENDANTS**
Davol, Inc. and C. R. Bard, Inc.

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Providence County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alley, Clark, Greiwe & Fulmer, 701 E Washington St., Tampa, FL 33602
(813) 222-0977

Attorneys (If Known)
Palm Beach

FILED BY ... 2008 FEB 22 PM 12:

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV80179 KAM/LRJ

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. Section 1445
Brief description of cause:
Product Liability action re: Kugel Mesh Hernia Patch, tag-along action to MDL 1842 in Providence, RI

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Mary M. Lisi, USDC, Dist. of RI DOCKET NUMBER MDL 1842

DATE 2/21/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT 350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

723779